## (July 8, 1966)

■ The People of the State of New York, Respondent, v. Douglas Edward Drake, Appellant.— Herlihy, J. Appeal by the defendant from an order of the Chemung County Court which denied, after a hearing, his application in the nature of a writ of error *coram nobis.* Originally the defendant's application was denied by the County Court without a hearing and

affirmed (20 A D 2d 826). The Court of Appeals reversed and remitted for a hearing (15 N Y 2d 626), noting that it was conceded "that defendant about three years before his plea of guilty had been in a school for mental defectives." At the hearing held on May 6, 1965, the testimony showed that the defendant entered the Harding School on December 9, 1935 and left there March 26, 1942. Mr. Bradley, a former vice-president in charge of the program at Harding School, testified that the defendant attended this school until some time in 1942 and that to be eligible, a candidate must have an I. Q. between 50 and 75. He classified defendant as a moron. The defendant, while at this school, "showed development socially in his ability to converse, get along with people. He could do certain things, certain operations with his hands. His academic work was just terrible." Further, his ability to comprehend, understand or carry on a conversation was very low. Mr. McCullough, a former principal of Harding School, testified that there were exceptions to the requirement that the I. Q. be between 50 and 75. The defendant on January 9, 1935 had an I. Q. of 83. He testified that defendant's I. Q. of 83 was in "dull-normal range". On October 27, 1942, the defendant, apparently upon petition of his father, was committed by court order to the Newark State School for mentally defective persons after he "got in trouble". It appears that he ran away from there in January of 1944 and returned home. The defendant testified that when he was arraigned on June 5, 1945 upon the present charge of burglary in the third degree, he could not read or write and that he was not represented by an attorney and that when he again appeared before the court on June 9, 1945 for sentencing he was not represented by an attorney. He further testified that he did not understand the nature of the proceedings or the meaning of the sentence. The record of conviction states the bald fact that the defendant was informed of his rights and waived counsel. It is not surprising that after 20 years there are no stenographic minutes available. Within three months after his sentence to Elmira Reformatory in June, 1945 he was, at the instigation of its officials, examined, found to be a mental defective and sent to Woodbourne Institution, which provides for the care of such people, and remained there until his discharge in 1949. The sole issue on this appeal is whether or not the County Court was correct in its finding that the defendant "has failed to establish that he did not understand his right to counsel" and thereafter intelligently waived such right. The County Court in its decision stated that in regard to the commitment of the defendant to the Newark State School in 1942 it was because "Apparently he had been in trouble with the law and it was felt advisable to transfer him out of the community" and also stated that "This defendant had had prior experience in the courts", neither of which conclusions do we find substantiated in the present record, but in any event, such prior court experiences would not constitute satisfactory proof that a youth of defendant's mentality knew and intelligently waived his right to counsel. We are satisfied from a reading of the record and examination of the various exhibits that the defendant's mental capacities in 1945 were such that he could not competently and "intelligently" waive his right to counsel and accordingly, the judgment of conviction for burglary in the third degree made and entered in the office of the Clerk of the County of Chemung on or about June 5, 1945 should be vacated and defendant remanded for the purpose of entering a plea to the indictment. Order reversed, on the law and the fact; judgment of conviction vacated and a new trial ordered. Gibson, P. J., Taylor and Staley, Jr., JJ., concur.